UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Korell Robert Floyd Battle, #292294,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>Jon E. Ozmint, Director of South Carolina Department of Corrections; Colie Rushton, Warden of MCCI; and Robert Ward,<br><br>　　　　　　　　　Defendants. | C/A No. 8:05-1697-GRA-BHH<br><br><br><br>ORDER<br>(Written Opinion) |

　　　　This matter is before the Court for a review of the magistrate's Report and Recommendation filed on September 22, 2005, and made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C. The plaintiff filed this action seeking relief pursuant to 42 U.S.C. § 1983 on June 28, 2005. On August 18, 2005, the Clerk mailed to the plaintiff a copy of the magistrate's order giving the defendants an extension of time to file an answer in this case. The order was mailed to the plaintiff's last known address (McCormick Correctional Institution, 386 Redemption Way, McCormick, SC 29899). On August 31, 2005, an order denying the plaintiff's motion for appointment of counsel was mailed by the Clerk to the plaintiff at the above address. Both of these envelopes were returned to the court marked "no longer here." A search of the South Carolina Department of Corrections database indicates the plaintiff is no longer incarcerated within the Department of Corrections.

　　　　The record reveals that the plaintiff was advised by order dated June 28, 2005,

1

of his responsibility to notify the Court in writing if his address changed. The plaintiff has failed to keep the Court advised of his whereabouts. On September 22, 2005, the defendants moved to dismiss this case for lack of prosecution in light of the plaintiff's failure to comply with the magistrate's order of June 28, 2005.

The plaintiff has failed to respond to the defendants' motion. In the magistrate's Report and Recommendation, the magistrate recommends dismissing this action for lack of prosecution. For the reasons stated herein, the recommendation of the magistrate is adopted, and the case is DISMISSED.

Plaintiff brings this action *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further

evidence or recommit the matter to the magistrate with instructions." *Id*.

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The plaintiff has not filed objections to the Report and Recommendation.

After a review of the magistrate's Report and Recommendation, this Court finds the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that this action be DISMISSED for lack of prosecution.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

October   26  , 2005.


NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.